UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

Eastern District of Kentucky
FILED
MAY 21 2007
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CRIMINAL ACTION NO. 06-57 (WOB)

UNITED STATES OF AMERICA            PLAINTIFF

VS.

MARK DOANE            DEFENDANT.

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

This matter is before the court on Defendant's motion to compel the Government's computer forensic's report (Doc. #37) and motion to compel production of his hard drive. (Doc. #39). Defendant's hard drive and computer were confiscated as part of the investigation into the alleged internet transmissions containing child pornography. Defendant seeks to have access to the hard drive so that it may be evaluated by his computer expert.

### FACTUAL BACKGROUND

Mark Doane was indicted and arrested for receiving visual depictions containing child pornography. The Defendant had sent his computer out for repair. The repair place found the images of pornography and reported it to the authorities.

The Defendant initially agreed to enter a plea of guilty because he understood that he had

1

no defense. He was told that, simply because the pictures were on his computer, he was guilty. At the re-arraignment, he made a statement to the court that he did not think he was guilty because he did not know how the images of child pornography had gotten on to his computer. Thus, the plea was not taken at that time. The case has been in the process of discovery and attempting to have expert evaluation of the computer and hard drive in question.

Defendant filed a motion to compel claiming that he had a right to inspect the computer hard drive, or a copy thereof, outside the controlled environment of a government facility. Defendant claims that the Adam Walsh Act does not apply to his case because the allegedly offensive conduct occurred in this case prior to the enactment of the Act and he was indicted prior to enactment of the Act as well.

Defendant also asserts that the Act unconstitutionally limits the Defendant's access to the hard drive of the suspect computer to the extent that he is not able to prepare a defense. Therefore, the Act is an unconstitutional interference with a criminal accused's right to investigate a criminal accusation against him and unreasonably interferes with a Defendant's right to counsel and due process of law.

United States responds that application of the Act is appropriate because it is being applied to on-going discovery. The United States further responds that the Act is constitutional because it provides the Defendant, his attorney or expert, ample opportunity to inspect the hard drive. If the requisite ample opportunity cannot be provided under the circumstances of the case, then the court can order that a copy of hard drive be provided for the Defendant's use in preparation of a defense. If ample opportunity is given, there is no constitutional deprivation. The United States states that it has made both the report and the hard drive available for

inspection and review, in accordance with the Act.

Defendant replies and recognizes that all of the court's decisions that have addressed his arguments are adverse to his position. Defendants states that he will make the necessary arrangements to complete the examination of the hard drive in the government facility in Indianapolis. Defendant requests an order from the court addressing he constitutional arguments in order to preserve them for appeal.

For the reasons outlined below, this court finds that the Act is not being applied retroactively in a manner that effects the substantive rights of the Defendant. The Act is being applied to a procedural matter that places restrictions on the manner in which discovery may be obtained. Therefore, although the Act came into effect after the commission of the conduct in question, if it is constitutional, it may be applied to this case.

## ANALYSIS

The constitutionality of the Act presents an interesting question. The courts that have addressed the issue have found that because the Act does not foreclose the Defendant from examining the computer hard drive, but only makes it more difficult, it is not unconstitutional. On the facts of each case, if examination of the computer in the government facility does not give the Defendant the requisite ample opportunity, then the court may order that a copy of the hard drive be supplied to the Defendant. This has been held to satisfy the Defendant's due process concerns.

The issues presented are whether application of the Adam Walsh Act can be applied to this case to prevent the Defendant or his expert from taking the hard drive and evaluating outside

a government facility and whether the Adam Walsh Act provision, §3509(m), unconstitutionally burdens the Defendant's rights to due process and a fair trial

The Adam Walsh Child Protection and Safety Act went into effect on July 27, 2006. § 3509(m) provides:

> m) Prohibition on reproduction of child pornography.
> (1) In any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody, and control of either the Government or the court.
> (2)(A) Notwithstanding
>
> 1. <u>Rule 16 of the Federal Rules of Civil Procedure</u>, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined by section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant.
>
> (B) For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

**Retroactive Application**

Defendant argues that this Act does not apply to his case because the offensive conduct occurred prior to its enactment. Defendant was indicted on July 12, 2006, prior to the Act's effective date of July 27, 2006.

Retroactive operation of statutes is not favored, and a law will not be construed as retroactive unless the act itself clearly states that it is intended a retroactive application. Singer, Norman J., Sutherland Statutes and Statutory Construction, §41:4 (6th Ed). However, if a statute is determined to be remedial or if it is procedural, it may apply retroactively. *Id.* "It has been

4

held that there is a presumption that procedural statutes apply retroactively. But steps already taken, including pleadings, and all things done under the old law continue effective, unless an intent to the contrary is plainly manifested." *Id.*

Moreover, rules of procedure may often be applied in suits arising before their enactment without raising concerns about retroactivity. *Landgraf v. USI Film Products*, 511 U.S. 244, 275 (1994). "Because rules of procedure regulate secondary rather than primary conduct, the fact that a new procedural rule was instituted after the conduct giving rise to the suit does not make application of the rule at trial retroactive." *Id.* Intervening procedural changes, even if they operate to the disadvantage of the defendant, are upheld. *Id.*, n. 28. However, application of new statutes increasing or creating punishments after the fact are prohibited under the *Ex Post Facto* clause. *Id.*

This authority is in line with the decision cited by the United States, *U.S. v. Butts*, No. CR 05-1127, 2006 WL 3613364, (D. Ariz. Dec. 6, 2006). In that case the defendant had also requested a copy of the hard drive of the computer that had been confiscated by the Government. *Id.* The court held that there was nothing in the wording of the Act that prevented its application to the on-going discovery. *Id.* Thus, the defendant's access was restricted as set forth in the Adam Walsh Act. *Id.*

The same is applicable to the instant case. The Act here is being applied to on-going discovery. It does not affect the length of the defendant's potential punishment. Therefore, the application of the Act to this case is proper.

**Constitutionality of the Adam Walsh Act**

5

Defendant's argument herein is that the Act is unconstitutional because it interferes with an accused's right to investigate a criminal accusation against him and unreasonably interferes with a defendant's right to counsel and due process of law. The restrictions imposed by the Act limits the defendant's access to material evidence by requiring the defense expert to conduct an analysis in a government facility under what the defendant perceives to be burdensome particulars with travel, expense and confidentiality.

These arguments and arguments similar thereto have been raised in several cases that have been before the district courts since the time of the Act's passage. As Defendant concedes in his reply memorandum, all the courts thus far have decided on the side of the Government: that the statute is constitutional.

The stated purpose of this disputed section of the Adam Walsh Act is to protect children from repeated exploitation in child pornography. The Act views the reproduction of the child pornography and the repeated viewing of the child pornography is a repetition of the abuse. The Act also sees the pornography itself as contraband that should not be distributed to, or copied by, child pornography defendants or their attorneys. See *United States v. Johnson*, 456 F. Supp.2d 1014, 1015 (N.D. Iowa, Sept 25, 2006) (*citing* Adam Walsh Child Protection and Safety Act of 2006, Pub.L. No. 109-248, 120 Stat. 587 (July 27, 2006)).

It has been held that the Act is constitutional and, when properly construed, comports with due process. *United States v. O'Rourke*, Case. No. 05-1126-PHX-DGC, 2007 WL 104901, (D. Ariz., Jan. 17, 2007). In *O'Rourke*, the court stated that the denial of the defense team's possession of alleged child pornography is not absolute in the sense that the statute requires the

material to be reasonably available to the defendant. *Id.* "Reasonably available" means that the Government must give the defendant "ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial." *Id.* quoting 18 U.S.C. §3509(M)(2)(B). If these requirements cannot be satisfied by the Government, the material is not required to be withheld. *Id.*

The difficulty comes with the term "ample opportunity," which is not defined in the statute. The court in *O'Rourke* conducted an analysis of the term and its "ordinary and natural meaning." *Id.* The court concluded that "an 'ample opportunity for inspection, viewing, and examination' would mean a more than adequate opportunity to inspect, view, and examine the evidence in question. Such an opportunity is akin to the due process requirement that a criminal defendant be afforded 'fair opportunity to defend against the State's accusations' and be free from 'arbitrary and disproportionate' restrictions on his right to confront witnesses and present evidence. The plain meaning of the statutory language thus appears to be consistent with the requirements of due process." *Id.* (*citations omitted*). Therefore, the court held that the statute required either the Government to give the defendant due process level access to the hard drive at a government facility or to give the defense team a copy of the hard drive. *Id.*

In *United States v. Knellinger*, Case No. 3:06cr126, 2007 WL 219984, (E.D.V.A,. Richmond Div., Jan. 25, 2007) the court stated that the "ample opportunity" analysis is conducted on a case by case basis. Therefore, the "threshold task is to assess, on the record made in th[e] case, whether [the defendant] has been provided an ample opportunity to inspect, view and examine the hard drive at a Government facility." *Id.*

7

The concerns of the Defendant herein, as well as those in the cases cited herein, include: the time and expense to have an expert travel to the government facility; the lack of privacy and confidentiality; the limited ability of the forensic computer equipment needed to conduct the proper examination and concerns about interruptions during the analysis process; and many other concerns with having to conduct a sensitive examination in an outside environment.

In *Butts,* supra, the Government indicated its intent to comply with the requirements of the Act and to accommodate the needs of the defense experts. The court held that the Government's assurances were sufficient to protect the defendant's constitutional rights.

In *Knellinger*, supra, the court found that it was too burdensome to require the defense experts to conduct the examination at the government facility, so the court ordered that a copy of the hard drive be provided to the defendant.

In *O'Rourke*, supra, the experts had to travel from Ohio to Arizona to inspect the hard drive. The government made space available and accommodated the experts in many other respects. The court found that on the facts of that case, the efforts of the government were sufficient to meet the needs of the defendant.

A recently decided Southern District of Ohio case, United States v. Renshaw, 2007 WL 710239, No. 1:05-CR-00165, S.D. Ohio, 2007), decided by Judge Spiegel, the court denied the defendant's supplemental motion for discovery and stated that the record before it did not evidence that ample opportunity had not been given. *Id.* at *1.

In the present case, Defense counsel concedes that the case law does not support his position and has agreed that he will arrange for his expert's travel to Indianapolis, Indiana so that

the hard drive can be inspected at the Government facility that has possession of the computer. Under the facts of this case, Defendant accepts that travel to Indianapolis to complete the analysis of the hard drive is not unduly burdensome and that this level of access is an "ample opportunity" under the statute. This understanding is supported by the case law as cited above.

Therefore, the court being advised, **IT IS ORDERED**:

1. That Defendant's motions to compel (Doc. # 37 and Doc. # 39) be, and they are, hereby **DENIED**;

2. The Pre-Trial and Trial dates remain as previously set.

This 21st day of May, 2007.

*William O. Bertelsman*

WILLIAM O. BERTELSMAN, JUDGE